IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JAMES AUBREY BROWN, IV, )<br>)<br>*Defendant*. )<br>) | Civil Action No. 1:15-cr-342 |

**Memorandum Opinion**

This matter comes before the Court on Defendant James Aubrey Brown, IV's Motion to Strike Mandatory Minimum Sentence and for Eighth Amendment Proportionality Review. Dkt. No. 62.

On December 1, 2015, Mr. Brown was indicted on charges of violating 18 U.S.C. § 2422(b). Dkt. No. 18. Mr. Brown chose to go to trial and a jury of his peers ultimately found Mr. Brown guilty of one count of attempted coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b). The evidence at trial showed that Mr. Brown contacted an individual through Craigslist whom he believed to be a thirteen-year-old girl. After having multiple conversations in which sexual activity was discussed, Mr. Brown arranged to meet with this individual at Marine Base Quantico. Mr. Brown then travelled to Quantico to meet this minor and engage in sexual activity with her. Mr. Brown was not actually communicating with a thirteen-year-old girl. Rather, he was communicating with an undercover officer posing as a thirteen-year-old. Mr. Brown was arrested when he arrived at the arranged meeting place at Quantico.

1

Mr. Brown's sentencing is currently scheduled for June 24, 2016, and he faces a mandatory minimum sentence of 120 months in prison. Mr. Brown now asks this Court to save him from this punishment by declaring this mandatory minimum sentence violates his Eighth Amendment right against cruel and unusual punishment.

## I. The Applicable Law

The Eighth Amendment to the Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. A punishment is considered cruel and unusual not only when it is "inherently barbaric" but also when the punishment is "disproportionate to the crime." *Graham v. Florida*, 560 U.S. 48, 59, 130 S. Ct. 2011, 2021, 176 L. Ed. 2d 825 (2010), as modified (July 6, 2010). A defendant who believes his punishment is disproportionate to the crime he is charged with can challenge his sentence through an "as-applied" challenge or through a "categorical challenge." *United States v. Cobler*, 748 F.3d 570, 575 (4th Cir. 2014). An "as-applied" challenge, which Mr. Brown raises, contests the length of a defendant's sentence in light of the specific circumstances of that defendant's case. *Id.* A categorical challenge contests the length of "an entire class of sentences" as disproportionate to "the nature of the offense" or "the characteristics of the offender." *Id.*

In an as-applied challenge, the court must conduct a threshold comparison to determine whether the "gravity for the offense and the severity of the sentence 'leads to an inference of gross disproportionality.'" *Id.* (quoting *Graham*, 560 U.S. at 59-60). If the court determines that an inference of gross disproportionality may be drawn, the court must conduct an extended analysis to determine whether or not the sentence is in fact grossly disproportionate. *Id.* In this

second step, the Court compares the defendant's sentence to: "(1) [ ] sentences for other offenses in the same jurisdiction; and (2) [ ] sentences for similar offenses in other jurisdictions." *Id.*

The Supreme Court has made clear that it will only find a sentence grossly disproportional in violation of the Constitution in the most extraordinary cases. *Lockyer v. Andrade*, 538 U.S. 63, 77, 123 S. Ct. 1166, 1175, 155 L. Ed. 2d 144 (2003). The Fourth Circuit has noted that "[t]he Supreme Court has identified a term-of-years sentence as being grossly disproportionate" in only one case: *Solem v. Helm*, 463 U.S. 277 (1983). In that case, "a recidivist defendant had been sentenced to life imprisonment without parole for passing a bad check in the amount of $100." *Cobler*, 748 F.3d at 576. The Supreme Court found it significant that passing a bad check was "one of the most passive felonies a person could commit" while the punishment, which did not include the possibility of parole, was "the most severe punishment that the State could have imposed on any criminal for any crime." *Solem*, 463 U.S. at 297. Capital punishment was not authorized in South Dakota when the defendant in *Solem* was sentenced. *Id.*

## II. Analysis

This Court cannot find that the mandatory minimum ten year sentence Mr. Brown faces for attempting to coerce and entice a minor gives rise to an inference of gross disproportionality. The Court first finds it irrelevant that Mr. Brown never came into contact with any minors and that no minors were ever at risk of harm during the commission of this crime. The jury necessarily found that Mr. Brown believed he was speaking to a person under the age of eighteen and was attempting to entice or coerce that minor into engaging in sexual activity. Congress has made clear that such conduct, which "reflects a real attempt to engage in sexual abuse of a child," demonstrates just as much culpability as when an actual child, rather than an undercover

agent, "was the object of enticement." H.R. CONF. REP. 108-66, 51, 2003 U.S.C.C.A.N. 683, 685, Joint Explanatory Statement at 51.

Second, the Court does not find the circumstances of Mr. Brown's case are comparable to the circumstances present in *Solem v. Helm*, 463 U.S. 277 (1983). First, unlike the crime at issue in *Solem*, the crime of attempted coercion and enticement of a minor is not passive. Rather, as the evidence at trial showed, Mr. Brown actively communicated with what he thought was a thirteen-year-old girl many times over the course of twelve days, during which he continuously pressed her to meet up for sex. Mr. Brown then drove over an hour to meet up with this thirteen-year-old in order to engage in sexual activity. There is no question that Mr. Brown intended to entice a minor and took many active steps to do so. Second, in contrast to *Solem*, the ten year mandatory minimum Mr. Brown faces is far from the "most severe" punishment this Court could impose. *See id.* at 297. The ten year sentence is also within the Sentencing Guidelines (97-121) for a first offender.

The Court also finds it significant that Congress chose to enact a mandatory minimum sentence for this crime. Congress purposefully decided that crimes involving sexual exploitation of minors were serious and deserved a harsh punishment that could not be mitigated by a sympathetic court. *See* H.R. CONF. REP. 108-66. The Court respects this decision as "the fixing of prison terms for specific crimes involves a substantial penological judgment that, as a general matter, is properly within the province of the legislature," not the courts. *Harmelin v. Michigan*, 501 U.S. 957, 959, 111 S. Ct. 2680, 2683, 115 L. Ed. 2d 836 (1991).

For all of these reasons, the Court finds this case does not give rise to an inference of gross disproportionality. Even it if did, however, the additional analysis would not confirm that the mandatory minimum is in fact grossly disproportional to the crime. All of the cases

Defendant cites in support of his contention that many defendants convicted of similar crimes in this jurisdiction received sentences shorter than 120 months involved defendants who pleaded guilty to 18 U.S.C. § 2423(b), travel with intent to engage in illicit sexual conduct, which does not have a mandatory minimum sentence. These are not comparable cases. Further, numerous courts in other jurisdictions have found that the mandatory minimum 10-year sentence for violations of 18 U.S.C. § 2422(b) does not violate the Eighth Amendment. *See United States v. Hughes*, 632 F.3d 956, 959 (6th Cir. 2011) ("Hughes's ten-year sentence for attempting to entice a minor into sexual relations raises no inference that it is 'grossly disproportionate.'"); *United States v. Nagel*, 559 F.3d 756, 762 (7th Cir. 2009) ("[W]e now hold that the ten-year mandatory minimum sentence provision in § 2422(b) is not grossly disproportionate to the crime of attempting to entice a minor to engage in a criminal sexual act and therefore does not violate the Eighth Amendment's prohibition of cruel and unusual punishment."); *United States v. Butters*, 267 F. App'x 773, 778 (10th Cir. 2008) (same).

### III. Conclusion

For the reasons set forth above, the Court concludes that the mandatory minimum ten year sentence Mr. Brown faces does not violate the Eighth Amendment. The Court, therefore, finds good cause to DENY the Motion. An appropriate Order will issue.

June 23, 2016
Alexandria, VA

/s/
Liam O'Grady
United States District Judge